UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE CASTRO AVILES, A-240-169-791,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-02377-DC-EFB

FINDINGS AND RECOMMENDATIONS

Pending before the court is petitioner's petition for writ of habeas corpus, in which petitioner, a noncitizen alien, challenges his detention under 28 U.S.C. § 2241.  ECF No. 1.  This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(c) and Local Rule 302(c)(17). For the reasons set forth below, the undersigned recommends the petition be granted.

**BACKGROUND**

**A. Factual Background**

In his *pro se* petition for writ of habeas corpus, petitioner alleges that he is a citizen and national of El Salvador who is subject to an order of removal.  ECF No. 1 ¶¶ 13, 18.  He alleges that he was arrested by the Department of Homeland Security on May 13, 2025, and has remained detained since then, with no opportunity for a bond hearing and with no neutral decision-maker having determined he was a flight risk or danger to the community.  *Id*. ¶¶ 1-3, 19-20.

In their answer, respondents do not contest petitioner's factual allegations.  ECF No. 9 at 1-2.  Respondents additionally represent that petitioner entered the United States without

1

inspection in, approximately, 2019.  *Id*. at 1, Ex. 1.  Respondents agree that petitioner was arrested on May 13, 2025, and has been in removal proceedings since then.  *Id*. at 2, Ex. 6.  On November 12, 2025, petitioner was ordered removed to El Salvador, *id*. at 2, Ex. 7, and, on November 25, 2025, petitioner appealed the removal order to the Board of Immigration Appeals (BIA).  *See* EOIR Automated Case Information https://acis.eoir.justice.gov/en/caseInformation (accessed May 14, 2026).[1]  On March 30, 2026, petitioner requested an extension to the briefing schedule, which was granted, and, on April 24, 2026, petitioner filed a brief with the BIA.  ECF No. 9 at 2, Exs. 8-10; EOIR Automated Case Information https://acis.eoir.justice.gov/en/caseInformation (accessed May 12, 2026).  That appeal remains pending.  EOIR Automated Case Information https://acis.eoir.justice.gov/en/caseInformation (accessed May 14, 2026).

In his reply to the answer, petitioner does not contest any of the factual representations made in the answer.  ECF No. 11.

**B.  Procedural Background**

Petitioner initiated this action in propria persona on March 17, 2026, ECF No. 1, and, the same day, filed a motion to appoint counsel.  ECF No. 2.  On April 14, 2026, the undersigned granted the motion to appoint counsel, ECF No. 6, and counsel was appointed on April 23, 2026.  ECF No. 7.  Petitioner filed a motion to proceed in forma pauperis on April 27, 2026.  ECF No. 8.  On April 28, 2026, respondents filed an answer, ECF No. 9, and, on May 5, 2026, petitioner filed a reply.  ECF No. 11.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the

---

[1] The court takes judicial notice of the BIA's case information available on its website, pursuant to Federal Rule of Evidence 201.  *See Reyn's Pasta Bella, LLC, v. Visa USA Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Interstate Nat. Gas Co. v. S. Cal. Gas Co*., 209 F.2d 380, 385 (9th Cir. 1953).

unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

In his petition, petitioner raises a single claim for relief: that his detention violates his rights to due process under the Fifth Amendment, because respondents have detained him without a neutral decisionmaker having determined, at an individualized hearing and by clear and convincing evidence, that petitioner is a danger or a flight risk and having taken into account alternatives to detention. ECF No. 1 ¶¶ 46-49. As a remedy, petitioner requests the court order his immediate release or, alternatively, order that respondents provide him a bond hearing within seven days at which the government bears the burden of justifying continued detention by clear and convincing evidence. *Id*. at 18; ECF No. 11 at 8.

Respondents oppose the petition on several grounds. First, respondents argue that, to the extent petitioner's claim alleges that the length of his detention as unduly prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the claim must fail because petitioner's removal order is not yet final and delays in his removal proceedings are attributable to him. ECF No. 9 at 4-5. Respondents next argue that petitioner has no due process interest in freedom from detention, as his detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). *Id*. at 5-10. Respondents argue that if a due process violation is found, the proper remedy is the ordering of a bond hearing, but request that the court order that, at such a hearing, petitioner bear the burden to prove his detention is not justified.[2] *Id*. at 10-12. Having considered the arguments of the parties, the court finds petitioner has shown his detention violates his procedural due process rights under the Fifth Amendment and recommends that the petition be granted.

The due process clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law. Noncitizens subject to mandatory detention are not without due process rights. *Zadvydas v. Davis*, 533 U.S. 678, 693

---

[2] Respondents additionally argue that, to the extent the petition challenges petitioner's conditions of confinement, his claim fails as a matter of law, ECF No. 9 at 10, but the petition does not include such challenge. *See* ECF No. 1 at 17.

3

(2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under § 1225(b)(1)).  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Courts examine procedural due process claims in two steps.  *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest.  *Id*.

Here, at the first step, petitioner's interest in being free from detention is, as a general matter, cognizable under the due process clause.  *See*, *e.g.*, *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects.").  Respondents argue that this interest has been abrogated by 8 U.S.C. § 1225(b)(2)(A), which mandates petitioner's detention, such that his claim of entitlement to a bond hearing as a matter of due process must be denied.  ECF No. 9 at 5-9.  This argument is unpersuasive.  As many courts have already concluded, respondents' argument fails as a matter of statutory construction.  *See Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases).  Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2)(A).  Respondents urge that "applicant for admission" and "an alien seeking admission" both be interpreted to include persons like petitioner, who have resided in the United States for many years at the time they were taken into detention.  ECF No. 9 at 2-4, 5-7.  This interpretation is untenable, however, because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior

4

statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025); *see also Garcia v. Chestnut*, No. 1:26-CV-1933 DC CSK, 2026 WL 1042229, at *3 (E.D. Cal. Apr. 17, 2026), *report and recommendation adopted in part,* No. 1:26-CV-01933-DC-CSK (HC), 2026 WL 1240733 (E.D. Cal. May 6, 2026); *Zuniga Cruz v. Noem*, No. 1:26-CV-01818-DC-EFB (HC), 2026 WL 890471, at *2 (E.D. Cal. Apr. 1, 2026); *Flores v. Cruz*, No. 1:26-CV-01038 DC SCR, 2026 WL 575545, at *4 (E.D. Cal. Mar. 2, 2026); *Ortiz v. Chestnut*, No. 1:26-CV-01167-DC-SCR (HC), 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *3 (E.D. Cal. Jan. 8, 2026); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324-36 (W.D. Wash. 2025).  Instead, petitioner has demonstrated that, because he is not an "applicant for admission" within the meaning of § 1225(a), he is subject to the detention provision set forth in § 1226(a), rather than the mandatory detention provision of § 1225(b)(2)(A), until his removal order becomes final.[3] *See generally Rodriguez*, 802 F. Supp. 3d at 1324-36; *see* ECF No. 11 at 2-3.  Accordingly, respondents fail to show that petitioner's liberty interest in freedom from detention has been abrogated or eradicated by 8 U.S.C. § 1225(b)(2)(A)'s application to him.

Having determined petitioner has a cognizable liberty interest in freedom from detention, the court considers what process is due and the adequacy of the process petitioner has been provided by the Government.  *Ky. Dep't of Corr.*, 490 U.S. at 460.  At this step, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  Here, petitioner has shown that he has a substantial interest in his freedom from detention, relative to the first factor.  Since petitioner's entry to the United States several years ago, petitioner necessarily has developed "enduring attachments of normal life," including familial

---

[3] Respondents concede that petitioner's removal order is not final.  ECF No. 9 at 5.

5

connections and employment, legally indistinguishable from those experienced by a criminal parolee. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025).

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's present detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the due process clause of the Fifth Amendment, entitling him to relief on the sole claim of his petition.  Consistent with this court's orders in similar cases, the undersigned recommends that respondents be ordered to release petitioner immediately and be further ordered that, if they seek to re-detain petitioner, they must provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety.  *Garcia v. Chestnut*, No. 1:26-CV-01933-DC-CSK (HC), 2026 WL 1240733, at *1-2 (E.D. Cal. May 6, 2026); *see also Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419, at *5 (E.D. Cal. Feb. 24, 2026); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471, at *4 (E.D. Cal. Mar. 31, 2026).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED;

2. Respondents be ORDERED to immediately release petitioner Jose Castro Aviles (A-240-169-791) from their custody;

3. Respondents be ORDERED not to impose any additional restriction on him at the time of his release, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

4. Respondents be ORDERED that, if the government seeks to re-detain petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

5. This court order that its release order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an

7

executable final order of removal and petitioner receives notice of that final order of removal;

6.  The Clerk of the Court be directed to serve a copy of this order on the California City Immigration Processing Center; and

7.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE