UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CASTRO AVILES, A-240-169-791,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-02377-DC-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 8, 13) |

Petitioner proceeds in this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 22, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 13.) On July 3, 2026, Respondent filed objections to the findings and recommendations, merely stating that they "object for the reasons set forth in their previously-filed briefing." (Doc. No. 14.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled

1

to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendations (ECF No. 13) are ADOPTED;

---

[1] The court notes that Respondents stated in the factual background section of their answer to the petition that "Petitioner came to the attention of immigration officers because he has an outstanding arrest warrant from El Salvador," (Doc. No. 9 at 2), but Respondents did not advance any arguments as to the impact of that warrant on the basis for Petitioner's detention.

2. Petitioner Jose Castro Aviles's (A-240-169-791) petition for a writ of habeas corpus (ECF No. 1) is GRANTED as to his statutory claims;

3. Respondents shall immediately RELEASE Petitioner from their custody, and RETURN all of Petitioner's documents and possessions at the time of release;

4. Respondents shall not impose any additional restriction on Petitioner at the time of his release, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

5. Respondents are ORDERED that, if the government seeks to re-detain Petitioner, they shall first provide him with a bond hearing before a neutral arbiter at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

6. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

7. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 8) is DENIED as having been rendered moot by this order;

8. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center; and

9. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close the case.

IT IS SO ORDERED.

Dated:   **July 7, 2026**

_____
Dena Coggins
United States District Judge

3